**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Edward Walker, et al., | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | No. 4:19-cv-3465 |
| | § | |
| CVS Pharmacy, Inc., | § | |
|     *Defendant*. | § | |

## ORDER

Defendant CVS Pharmacy, Inc. filed objections to Plaintiffs' two expert reports, asserting that the reports fail to satisfy the threshold requirements of Chapter 74 of the Texas Civil Practice and Remedies Code as to the applicable standard of care, breach, and causation and seeking dismissal. Objections, ECF No. 11 at 4; Reply, ECF No. 21 at 2.[1] Judge Keith Ellison referred the objections for disposition in accordance with 28 U.S.C. § 636 (b)(1)(A). Order, ECF No. 13.

## BACKGROUND

Plaintiffs filed this medical negligence claim against Defendant in state court, asserting that CVS improperly filled Plaintiff Edward Walker's prescription, causing him permanent damage. Original Pet., ECF No. 3 at 10-11. Plaintiff Felisa Walker seeks damages for loss of consortium. *Id*. at 13. Defendant removed the case to federal court based on diversity of citizenship. Removal Pet., ECF No. 1 at 3. On

---

[1] Plaintiffs filed a response. Resp. to Obj.

December 2 & 20, 2019, Plaintiffs filed notices of two expert reports under Chapter 74 of the Texas Medical Liability Act. ECF Nos. 6, 10. Defendant filed objections, asserting that Plaintiffs' two reports fail to support the viability of their claims as required under the statute. ECF No. 11 at 2-4. Defendant asks the Court to sustain its objections, dismiss the case with prejudice, and award it attorneys' fees. ECF No. 21 at 2. Plaintiffs assert that the reports comply with the § 74.351, but in the alternative, seek an extension to cure any deficiency. ECF No. 20.

## **ANALYSIS**

The Texas Medical Liability Act ("TMLA") requires a plaintiff in a medical negligence case to provide a defendant with an expert report and curriculum vitae within 120 days of the defendant's answer. Tex. Civ. Prac. & Rem. Code § 74.351(a); *Randol Mill Pharmacy v. Miller*, 465 S.W.3d 612 (Tex. 2015) (applying the TMLA to pharmacies); *accord Rendon v. Walgreens*, 144 F. Supp. 3d 894, 898 (N.D. Tex. 2015) (same). The statute defines what the written report must contain. Tex. Civ. Prac. & Rem. Code § 74.351(r)(6). It requires a stay of most discovery until the plaintiff has filed the report. *Id.* § 74.351(s), (u). The statute requires dismissal with prejudice if the plaintiff fails to provide the requisite report.

> If . . . an expert report has not been served within the period specified by Subsection (a), the court . . . shall . . . enter an order that . . . dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

*Id.* § 74.351(b); *Rendon*, 144 F. Supp. 3d at 901 ("The TMLA does not simply permit dismissal as a result of non-compliance with the expert report requirement—it *mandates* dismissal.") (emphasis in original).

Federal courts sitting in diversity must apply state substantive law and federal procedural law. *Vargas v. Kiewit La. Co.*, No. H-09-2521, 2011 WL 13268825, at *2 (S.D. Tex. Dec. 9, 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).[2] Generally, discovery is procedural and controlled under the Federal Rules of Civil Procedure. *MacNeill v. Jayaseelan*, No. 4:14-cv-242, 2014 WL 12585682, at *2 (N.D. Tex. Dec. 4, 2014).[3] Rule 26 governs a party's duties to disclose experts, the timing of the disclosure, and the content. Fed. R. Civ. P. 26(a)(2). Rule 37 sets the applicable sanctions for a party's failure to comply. Fed. R. Civ. P. 37(c)(1).

Section 74.351 conflicts with these Federal Rules. The Fifth Circuit has determined that Rules 26 and 37 control over § 74.351. *See Passmore v. Baylor Health Care Syst.*, 823 F.3d 292, 296-97 (5th Cir. 2016), *reh'g en banc denied*, 841 F.3d 284; *accord Bunch v. Mollabashy*, No. 3:13-cv-1075, 2015 WL 1378698, at *9

---

[2] If a federal rule conflicts with state law, the federal rule will apply if it is a valid exercise of Congress' rule making authority. *Vargas*, 2011 WL 13268825, at *2. "In determining whether the Rule is valid, the court must look to the Rules Enabling Act, which provides that a federal procedural rule may not 'abridge, enlarge, or modify any substantive right.'" *Id.* (citing 28 U.S.C. § 2072(b)).

[3] *See id.* at *6 (noting that § 74.351 is part of House Bill 4, which enacted comprehensive tort reform that addressed "many issues affecting the civil court system," and appeared under the heading "Procedural Provisions," evidencing the legislature's intent that this be a procedural provision).

(N.D. Tex. Mar. 26, 2015) (a majority of district courts in this circuit have found § 74.351 is preempted by Rules 26 and 37); *MacNeill*, 2014 WL 12585682, at *2 (collecting cases).

Since the Fifth Circuit has ruled that § 74.351 conflicts with the Federal Rules and does not apply in federal court, Defendant's objections to Plaintiffs' expert reports are **OVERRULED**. The Parties shall proceed with discovery and disclosure in accordance with the Court's scheduling order and the requirements of the Federal Rules of Civil Procedure. *See* Scheduling Order, ECF No. 17.

Signed on March 13, 2020, at Houston, Texas.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**